IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID BRODY,

                    Plaintiff,

    v.                                                         OPINION and ORDER

COSTCO WHOLESALE CORPORATION,                                  23-cv-293-jdp

                    Defendant.

---

In this disability discrimination lawsuit, plaintiff David Brody alleges that his employer, defendant Costco Wholesale Corporation, denied him forklift driver positions because he is deaf. Two weeks after defendant filed its motion seeking summary judgment on all of plaintiff's claims, Dkt. 15, plaintiff filed a motion to stay briefing on defendant's motion and to compel the depositions of three of defendant's employees: (1) a general manager; (2) an operations manager; and (3) a designated corporate representative, Dkt. 28. That motion to compel was taken under advisement with the court today. *See* Dkt. 31. For the following reasons, the court GRANTS plaintiff's request to compel the depositions but DENIES plaintiff's request to stay summary judgment briefing.

RELEVANT PROCEDURAL BACKGROUND

This case has been pending since May 2023. Approximately a year after the court set the case schedule, Dkt. 10, the parties jointly moved to extend the deadlines, including the dispositive motions deadline, the discovery cutoff, and the trial date, Dkt. 11. The court considered the parties' reports that they had encountered "difficulties in completing depositions prior to the dispositive motion deadline due to issues with scheduling ASL

translators." Dkt. 12. The court warned the parties that it expected them to "carry[] out discovery in a manner that ensures its completion prior to critical case deadlines, even when translators need to be involved," *id.*, yet nevertheless, the court reset the dispositive motions deadline to October 17, 2024, the discovery cutoff to January 31, 2025, and a new trial date on March 31, 2025.

On the eve of the new dispositive motion deadline, the parties again jointly moved to extend that deadline. Dkt. 13. The court again considered the parties' reports that there were "remaining depositions" to take, but ultimately found this time around that the parties had failed to explain what prevented them from taking the depositions sooner and why the depositions were necessary to file dispositive motions. Dkt. 14. For these reasons, the court found the parties had failed to show good cause to move the deadline. *Id.* But to avoid surprise, the court granted the parties a one-week extension to October 24, 2024. *Id.*

Defendant timely filed its motion for summary judgment with nine depositions and declarations in support, including a declaration from General Manager Justin Ferguson, who plaintiff has yet to depose. Dkts. 15, 17-27. Two weeks later, plaintiff filed a motion seeking to compel Ferguson's deposition, along with the depositions of Operations Manager Julie Frazier and a designated Rule 30(b)(6) corporate representative, and to stay summary judgment briefing pending those depositions. Defendant opposes both requests.

## ANALYSIS

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy,

the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

Defendant does not dispute the relevance or proportionality of the depositions plaintiff requests.  Indeed, the two managers were allegedly involved in the employment decisions at the heart of this case, while a designated corporate representative can provide binding corporate testimony.  Instead, defendant argues prejudicial delay, asserting that after the court reset the case schedule to allow the parties to complete their depositions, plaintiff's counsel did not attempt to schedule these three depositions for months and asked to set them only when defense counsel reached out to ask about the most recent extension of the dispositive motion deadline.  Defendant contends that it will be prejudiced should the requested depositions be allowed to proceed now and asks for a protective order prohibiting them while summary judgment is pending.  In support, defendant argues that the fact record will be expanded while its dispositive motion is pending, plaintiff will have the advantage of taking these depositions after having reviewed defendant's dispositive motion, and defendant will have to spend "considerable time and resources to prepare multiple witnesses for depositions" when a favorable ruling on its motion could end the case.  Dkt. 30 at 2.

Defendant's objections to the depositions are OVERRULED, and the court will not impose a protective order.  Simply put, discovery remains open until January 31, 2025, and the fact that a summary judgment motion is pending alone is no basis to pause that process.  If it were, the court's case schedule would end discovery on the dispositive motions deadline, but it typically does not, and did not here, with the rationale that the parties may continue to

"obtain discovery for use at trial." *Burton v. Bd. of Regents of University of Wisconsin System*, no. 17-cv-36-jdp, 2020 WL 207222, at *2 (W.D. Wis. Jan. 14, 2020).

It is possible that defendant's summary judgment motion will be partially or completely successful, but that possibility is not reason enough to pause discovery now. Defendant points to this court's decision in *Burton* to support its position that the depositions will waste resources, but that decision is distinguishable because Burton's trial date had been struck and was not going to be reset unless her claims survived summary judgment. *Id.* Here, pre-trial deadlines and a trial date remain in place, and should any part of the case survive summary judgment, the parties must be ready to meet those deadlines. Postponing the depositions to wait and see how summary judgment turns out is not an option. The court will therefore grant plaintiff's motion and allow the depositions to proceed as soon as practicable and expects the parties to work in good faith to ensure their prompt notice and scheduling.

That said, the court will not stay summary judgment briefing. Plaintiff has had since discovery opened in August 2023 to take the requested depositions, among other discovery. Moreover, the parties were already granted a generous multiple-month extension of the case deadlines specifically to take any remaining depositions. As the preliminary pretrial conference order in this case states, the parties are to conduct discovery "in a manner that allows them to make or respond to dispositive motions within the scheduled deadlines." Dkt. 25 at 2. If plaintiff was having difficulty scheduling the requested depositions, for whatever reason, the time to seek court intervention was long before now—two weeks after defendant filed for summary judgment. *See id.* at 3 (noting that parties are expected to file discovery motions "promptly if self-help fails"). At this point, plaintiff's efforts are too little too late. Plaintiff can respond to defendant's summary judgment motion based on the evidence he has gathered

so far.  On this point at least, defendant's reliance on *Burton* is persuasive.  *See Burton*, 2022 WL 207222, at *1–2 (explaining that the plaintiff "had ample time to conduct discovery and to seek the court's assistance in doing so" before the defendants filed for summary judgment and would have to respond based on the evidence she had).

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to compel depositions and to stay summary judgment briefing, Dkt. 28, is GRANTED in part and DENIED in part:

   a. Plaintiff may depose as soon as practicable:  (1) defendant's designated corporate representative under Federal Rule of Civil Procedure 30(b)(6); (2) defendant's Operations Manager Julie Frazier; and (3) defendant's General Manager Jason Ferguson; but

   b. The summary judgment briefing schedule remains in place, as do all remaining case deadlines.

2. The November 15, 2024, telephonic motion hearing scheduled to address plaintiff's motion to compel is CANCELLED.

Entered November 14, 2024.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge